15-981-cr
*United States of America v. Petrov*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of May, two thousand fifteen.

PRESENT:

RALPH K. WINTER,
CHESTER J. STRAUB,
SUSAN L. CARNEY,
*Circuit Judges.*

_____

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                                No. 15-981-cr

ILYA PETROV, AKA SOLDAT,

*Defendant-Appellant,*

SUREN GADAYEV,

*Defendant.*

_____

FOR APPELLEE:                    RUSSELL CAPONE, Assistant United States
Attorney, United States Attorney's Office

for the Southern District of New York, New York, NY.

FOR DEFENDANT-APPELLANT:  ERIC M. CREIZMAN, Creizman PLLC, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Swain, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the February 25, 2015 order of the District Court is **AFFIRMED** and Petrov's motion for release pending trial is **DENIED**.

Defendant Ilya Petrov appeals a District Court order imposing pretrial detention and moves for release pending trial. Petrov was arrested pursuant to a criminal complaint and charged with conspiracy to commit extortion and extortion in violation of 18 U.S.C. § 1951; he has been detained without bail since his arrest. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision.

After conducting a hearing, a judicial officer may order pretrial detention upon its finding that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). In making this determination, the judicial officer considers the following factors: (1) "the nature and circumstances of the offense charged"; (2) "the weight of the evidence against the person"; (3) "the history and characteristics of the person"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *Id.* § 3142(g). "[T]he government retains the ultimate burden of persuasion by clear and convincing evidence that the defendant presents a danger to the community." *United States v. English*, 629 F.3d 311, 319 (2d Cir. 2011) (internal quotation marks omitted). In such a pretrial detention hearing, the government

2

may proceed by proffer, *see, e.g., United States v. Ferranti*, 66 F.3d 540, 542 (2d Cir. 1995), and the rules of evidence do not apply, *see* 18 U.S.C. § 3142(f).

"We review a district court's findings as to the accused's . . . potential danger to the community for clear error." *English*, 629 F.3d at 319. We will not reverse "unless on the entire evidence we are left with the definite and firm conviction that a mistake has been committed." *United States v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007) (internal quotation marks omitted). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *English*, 629 F.3d at 319 (internal quotation marks omitted). We review legal questions de novo. *See United States v. Abuhamra*, 389 F.3d 309, 317 (2d Cir. 2004).

The District Court did not clearly err in finding that Petrov presents a danger to the community. The government submitted clear and convincing evidence that Petrov threatened the complainant and had previously threatened and orchestrated an assault on the complainant's cousin. The threats to the complainant were recorded, and the government offered a series of text messages as evidence of the threats to the cousin. Further, Petrov had already been the subject of two protective orders in connection with domestic disputes. Under the circumstances, we see no clear error in the District Court's determination that no condition or combination of conditions, including Petrov's proposed bail package, would reasonably assure the safety of the complainant or the community. Petrov's arguments to the contrary before this Court—which ask us to hypothesize alternative factual findings and second-guess those of the District Court—do not render the District Court's view of the evidence erroneous.

We are also unpersuaded by Petrov's argument that the District Court erred as a matter of law by failing adequately to consider possible combinations of conditions that would permit pretrial release. In support, he cites *United States v. Berrios-Berrios*, 791 F.2d 246 (2d Cir. 1986), in which our Court remanded for the district court to articulate its reasons for concluding that no viable alternatives to detention existed for the defendant. *Id.* at 251.

3

Petrov's case is different: here, the District Court considered the alternative proposed bail package and made an explicit finding that no conditions or combination thereof could adequately protect the safety of the complainant and the community, reflecting its consideration of the relevant factors under § 3142(g).  Under these circumstances, we see no reasonable basis to remand.

* * *

We have considered all of Petrov's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the order of the District Court and **DENY** Petrov's motion for release pending trial.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4